RECEIVED JAN 21 2011 TERESA L. DEPPNER, CLERK U.S. District Court Southern District of West Virginia

IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF WEST VIRGINIA

CHARLESTON DIVISION

JASON CRADDOCK,

    Plaintiff,

v.                                      CIVIL ACTION NO: 2:10-cv-01401
                                        Judge Joseph R. Goodwin

ADON NETWORK, INC.,

    Defendant.

**MEMORANDUM IN SUPPORT OF**
**PLAINTIFF'S MOTION TO REMAND**

**I. INTRODUCTION**

This case was improperly removed by the Defendant and should be remanded to the West Virginia state court in which the Complaint was initially filed because this Court does not have subject matter jurisdiction over plaintiff's claims, pursuant to *Hughes v. Bert Wolfe, Inc.,* 2009 U.S. Dist. LEXIS 95271 (S.D. W. Va. 2009) (Goodwin, J.). Plaintiff's Complaint is solely comprised of West Virginia state law causes of action under the West Virginia Minimum Wage and Maximum Hours Standards for Employees Act ("West Virginia Minimum Wage/Maximum Hour") and the West Virginia Wage Payment and Collection Act ("WVWPCA"). The Defendant's assertion in its "Notice of Removal" that this Court has jurisdiction pursuant to the Fair Labor and Standards Act ("FLSA") is without merit. At no point has Plaintiff referenced or asserted a cause of action under the FLSA. The merits of Plaintiff's claims will be decided under and require interpretation of West Virginia state law, not the FLSA. Accordingly, Plaintiff is requesting this Court to remand this case back to the Circuit Court of Kanawha County, West Virginia, pursuant to 28 U.S.C. § 1447(c).

1

## II. STATEMENT OF THE CASE

### A. Pertinent Procedural History

On November 12, 2010, the Plaintiff, Jason Craddock, instituted this civil action by filing his Complaint in the Circuit Court of Kanawha County, naming his former employer, AdOn Network, Inc. ("AdOn"). The Complaint alleges three West Virginia state law causes of actions against Defendant - one cause of action pursuant to the West Virginia Minimum Wage/Maximum Hour, W. Va. Code §21-5C-3, and two causes of action pursuant to the WVWPCA, W. Va. Code §21-5-1, *et seq.*

On or about December 22, 2010, Defendants removed the case to this Court, claiming in its "Notice of Removal" that this Court has original federal question jurisdiction because Plaintiff's claims come under the FLSA. As the basis for their removal, Defendant asserted that it is not subject to the West Virginia Minimum Wage/Maximum Hour because it is not an employer within the meaning of West Virginia law.[1]

Plaintiff denies the allegations made by Defendant in its "Notice of Removal" and contends that this Court does not have federal question/subject matter jurisdiction over any of the claims set forth in Plaintiff's Complaint. Accordingly, the Plaintiff is now moving this Court to remand this case back to the West Virginia state court in which it was originally filed.

### B. Statement of Pertinent Facts

The Plaintiff worked for the Defendant until he was discharged on August 10, 2010. From June 2007 until January 2010, Defendant failed to compensate Plaintiff overtime wages for work that he performed over forty (40) hours in a workweek. Further, Plaintiff did not receive his final employment wages from Defendant within seventy-two (72) hours. Consequently, not only

---

[1] Defendant answered Plaintiff's Complaint on December 29, 2010.

2

did Defendant fail to pay Plaintiff his wages owed in full by the next regular payday, but also it failed to pay Plaintiff his wages owed in full within seventy-two (72) hours of discharge.

### III. STANDARD OF REVIEW

As set forth in *Blaire v. Schott Scientific-Glass Co.*, 945 F. Supp. 123 (S.D. W. Va. 1996)(Haden, J.), "[f]or federal question to exist, federal law must be a direct element in plaintiff's claim." *Id.* at 125. Further, "[a] defendant seeking to remove a case in which the plaintiff's cause of action is grounded in state law must establish two things: "'(1) that the plaintiff's right to relief necessarily depends on a question of federal law, and (2) that the question of federal law is substantial.'" "If either of these two elements is lacking, removal is improper and the case should be removed." *Hughes v. Bert Wolfe, Inc.*, 2009 U.S. Dist. LEXIS 95271 (S.D. W. Va. 2009) (Goodwin, J.) (citing, *Dixon v. Coburg Dairy*, 369 F.3d 811, 816 (4th Cir. 2004)). Moreover, "[t]he burden of establishing federal jurisdiction is placed on the party seeking removal." *Id.* (citing, *Mulcahey v. Columbia Organic Chem. Co., Inc.*, 29 F.3d 148, 151 (4th Cir. 1994)). Ultimately, "in close cases any doubt should be resolved in favor of remand." *Blair*, 945 F. Supp. 123 at _____ (citation omitted).

### IV. ARGUMENT

As stated above, the causes of actions asserted in Plaintiff's Complaint are entirely grounded in West Virginia state law. Specifically, Plaintiff has claimed that Defendant violated the West Virginia Minimum Wage/Maximum Hour and the WVWPCA. The merits of Plaintiff's claim and the remedies that he is seeking from Defendant are conferred solely under state law.

Contrary to Defendant's contention, the FLSA does not create a federal question in the instant action. ***At no point did Plaintiff ever reference or assert a claim in his Complaint pursuant to the FLSA.*** This similar issue was recently addressed by this Court *Hughes v. Bert*

*Wolfe, Inc.* In *Hughes*, the plaintiff asserted almost identical claims as Plaintiff has asserted in the instant action.[2] The defendant removed the case and asserted that the resolution of plaintiff's overtime claim under the West Virginia Minimum Wage/Maximum Hour depends on construction and application of the FLSA and its regulations. *Id.* In granting plaintiff's motion to remand, this Court opined that the plaintiff's complaint "seeks recovery only upon a showing that defendant's conduct was wrong under state law." *Id.* Further, this Court stated that "[a]t no point does the plaintiff reference the FLSA in the complaint." *Id.* Ultimately, this Court found the defendants could not establish that plaintiff's relief 'necessarily depends' on the FLSA, or that it raises a *substantial* questions of federal law. *Id.* (emphasis added).

Like the *Hughes* plaintiff, the Plaintiff in the instant action has asserted claims solely based upon West Virginia law. Similarly, Plaintiff's Complaint never even referenced the FLSA. Moreover, all of Plaintiff's claims will require interpretation of West Virginia law. As this Court stated in *Hughes*, "[i]t is settled law in this court that '[f]ederal question jurisdiction cannot exist when the basic issues require interpretation of state statutory . . . provisions.'" *Id.* (citing *Anziulewicz v. Bluefield Cmty. Hosp., Inc.*, 531 F. Supp. 49, 53 (S.D. W. Va. 1981)).

Furthermore, while Defendant contends this Court has federal jurisdiction under the FLSA because it is not an employer under West Virginia Minimum Wage/Maximum Hour, this is an issue that will require interpretation of state law and certainly does not present a substantial question of federal law. Nevertheless, "[t]he mere presence of a federal issue in a state cause of action does not automatically confer jurisdiction." *Id.* (citing *Ormet Corp. v. Ohio Power Co.*, 98 F.3d 799, 807 (4th Cir. 1996)).

---

[2] The *Hughes* Plaintiff also asserted a claim pursuant to the West Virginia Human Rights Act.

4

## IV. CONCLUSION

Wherefore, in accordance with this Court's decision in *Hughes v. Bert Wolfe, Inc.*, Plaintiff asserts that a substantial federal questions does not exists and requests for this Court to remand this case to the West Virginia state court in which it was initially filed, the Circuit Court of Kanawha County. In light the clear and recent authority on this issue, Plaintiff is also requesting for this Court to award his reasonable attorney fees and costs incurred by virtue of Defendant's improper removal.

Dated this 21st day of January, 2011.

                                                  Respectfully submitted,
                                                  Plaintiff,
                                                  By Counsel.

/s/ Todd S. Bailess
Todd S. Bailess (WVSB# 10482)
Bailess Law, PLLC
227 Capitol Street
Charleston, West Virginia 25301
Telephone: (304) 342-0550
Facsimile: (304) 344-5529



IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF WEST VIRGINIA

CHARLESTON DIVISION

JASON CRADDOCK,

    Plaintiff,

v.                                  CIVIL ACTION NO: 2:10-cv-01401
                                         Judge Joseph R. Goodwin

ADON NETWORK, INC.,

    Defendant.

## CERTIFICATE OF SERVICE

I, Todd S. Bailess, counsel for Jason Craddock, do hereby certify that on January 21, 2011, I electronically filed the foregoing "*Memorandum Of Law In Support of Plaintiff's Motion To Remand*" with the Clerk of the Court for the Southern District of West Virginia, which will send notification of such filing to the following CM/ECF participant:

W. Scott Evans
Jackson Kelly PLLC
500 Lee Street East, Suite 1600
P.O. Box 553
Charleston, West Virginia 25322

/s/ Todd S. Bailess
Bailess Law, PLLC
227 Capitol Street
Charleston, West Virginia 25301
Telephone: (304) 342-0550
Facsimile: (304) 344-5529

6